IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | 1:21-CR-45-1 |
| HERBERT LYNN LOWERY, | |
| Defendant. | |

# MEMORANDUM OPINION AND ORDER

Defendant Herbert Lynn Lowery moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). D.E. 74. The Government responded and opposed the motion. D.E. 77. The Court denies Lowery's motion because he does not provide extraordinary and compelling reasons and because compassionate release is inappropriate under the § 3553(a) factors.

## FACTUAL BACKGROUND

A single-count indictment charged Lowery with bank robbery in violation of 18 U.S.C. § 2113(a). D.E. 1. He pled guilty and was sentenced to 146 months of imprisonment, followed by three years of supervised release. D.E. 36 at 2–3. Lowery is 47 years old, currently incarcerated at Allenwood USP, and has an expected release date of March 20, 2033, based on good conduct. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited March 3, 2026).

## LEGAL STANDARD

A sentence imposed under the law is intended to be final. *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). Courts do not have unfettered jurisdiction to modify a sentence but may modify a sentence when a specific provision of law or statute provides a basis to do so. *Id*. Title 18, section 3582(c)(1)(A), often referred to as the compassionate release statute, allows a court to reduce a sentence when "extraordinary and compelling reasons" warrant a reduction, the reduction is consistent with the Sentencing Commission policy

statements, and the factors under 18 U.S.C. § 3553(a) weigh in favor of a reduction. *Id.*; *see also United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024). The defendant has the burden of establishing the factors that warrant release. *See United States v. Hargrove*, 30 F.4th 189, 195 (4th Cir. 2022).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). Lowery filed a request for compassionate release with the warden of his correctional facility, which was denied, D.E. 74 at 6–7, and the Government concedes Lowery has satisfied the exhaustion requirement. D.E. 77 at 6–7. Therefore, the Court turns to the merits of the motion.

## ANALYSIS

### I. Extraordinary and Compelling Reasons

Lowery argues that the Court should grant him a reduction of sentence based on his successful participation in the National Gang Unit drop-out program and what he refers to as his resulting "drop tag" designation. D.E. 74 at 2. He indicates that he has had a hit put on his life because of his disassociation with the gang and states he has been a "victim of numerous gang assaults" while in prison. *Id.* at 2, 4. He argues that his participation in the drop-out program combined with his rehabilitative efforts, such as taking BOP classes, demonstrates an extraordinary and compelling reason for a reduction. *Id.* at 4.

The Sentencing Commission policy statements provide that rehabilitation "is not, by itself, an extraordinary and compelling reason" for a reduction of sentence but may be considered "in combination with other circumstances in determining whether and to what extent" a sentence reduction is warranted. U.S.S.G. § 1B1.13(d). Lowery contends that the drop-out program requires a defendant to provide service "beyond his own rehabilitation." D.E. 74 at 4. He asks the Court to consider his participation in the program under U.S.S.G. § 1B1.13(b)(5). Section 1B1.13(b)(5) provides that an extraordinary and compelling reason may exist when a defendant "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4) are similar in gravity to those described in paragraphs (1) through (4)."

In *United States v. Beres*, the court considered the defendant's participation in the drop-out program as more than rehabilitation finding that Beres "provided a service beyond his own rehabilitation and at his own risk" and so considered it "similar in gravity" under § 1B1.13(b)(5) to other extraordinary and compelling circumstances. Crim. Act No. 18058-BLG-SPW-02, 2023 WL 8809320, at *3 (D. Mont. Dec. 20, 2023). The court concluded that Beres' "drop tag" designation along

2

with other evidence of his rehabilitation, including that he had become a model inmate, amounted to an extraordinary and compelling reason for a reduction. *Id.* However, other courts have limited consideration of a defendant's gang drop-out evidence as evidence of rehabilitation. *See*, *e.g.*, *United States v. Chavez*, 757 F. Supp. 3d 585, 594 (S.D.N.Y. 2024). The Court need not decide between these approaches. Whether the Court considers Lowery's argument relating to the drop-out program under § 1B1.13(b)(5), or as evidence of rehabilitation, Lowery has failed to show he is entitled to a reduction of sentence.

A memorandum in the record confirms that the National Gang Unit completed an investigation into Lowery's gang affiliation and determined that he had earned the assignment of "Drop" from the Security Threat Group. D.E. 74 at 5. The Court commends Lowery's accomplishment in earning the drop designation. However, the fact that Lowery has finally disassociated from gang life, without more, fails to establish a circumstance "similar in gravity" that is an extraordinary and compelling reason for a reduction. Unlike in *Beres* where the court had information the defendant provided valuable information to combat gang activity at risk to his life, Lowery has not provided any substantive information or details about his participation in the drop-out program. Lowery asserts that "[h]e has aided the National [G]ang [U]nit and the FBI in the solving of several unsolved crimes" but fails to provide anything to corroborate this statement. *Id.* at 4. The Government indicates it has been unable to verify these claims with the BOP. D.E. 77 at 11.

Moreover, in contrast to the defendant in *Beres*, Lowery has been far from a model inmate. Lowery has received six disciplinary infractions since he entered BOP custody in 2022. These infractions include four citations for possessing a dangerous weapon and a drug-use citation. D.E. 77-2 at 1–3. At least half of the infractions occurred within the last 12 months, with one infraction occurring less than two weeks before he filed his motion. *Id.* at 1. This record undermines any finding that Lowery's nature is so changed as to constitute an extraordinary and compelling reason for a reduction of sentence.

In making his motion, Lowery also states that a hit has been placed on his life because of his disassociation with the gang and indicates that he has been the victim of assaults by other inmates. The record confirms that Lowery has been in several altercations with other inmates and suffered injuries as a result, but it is not clear that any of these events are a result of his participation in the drop-out program. Some of the incidents predate Lowery's drop tag designation and may be a result of his prior gang identification. *See*, *e.g.*, D.E. 78 at 1–2, 22. Notably, Lowery describes that while he was in the gang, his "affiliation as well as his status[] among the gang made him a target for numerous assaults." D.E. 74 at 2. The medical records indicate that

3

in one case Lowery told medical personnel he was attacked due to his sexual orientation. D.E. 78 at 3–5.

The Court finds these incidents troubling, whatever the motivation. However, the record demonstrates that the incidents have been adequately addressed by the BOP. Lowery received prompt and appropriate medical treatment, *see generally* D.E. 78, and he has been transferred to different BOP facilities to try to separate him from threats.[1] Moreover, there is no evidence before the Court of any new incidents since October of 2024. Under these circumstances, Lowery's argument that he has been targeted for harm will not support a reduction of sentence. *See, e.g.*, *United States v. Walter*, Case No. 4:96-CR-26, 2025 WL 1040835, at *6 (D. Alaska Apr. 8, 2025) (finding that inmate named on a "kill on sight" gang list, but in BOP protective custody, had not shown an extraordinary and compelling reason for a reduction); *United States v. Defendant*, Case No. 2:07-CR-1172, 2026 WL 76304, at *4 (C.D. Cal. Jan. 7, 2026) (finding defendant's gang disassociation and related threats to his life did not establish an extraordinary and compelling reason for a reduction).

Finally, Lowery's other evidence of rehabilitation, even considered along with his disassociation from his gang, fails to establish a basis for a reduction of sentence. The records indicate that Lowery is working towards his G.E.D. and has taken approximately 12 BOP courses including programs on anger management and finding a job. D.E. 77-3 at 1. These efforts, while admirable, are not extraordinary. *See United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023) ("[t]aking classes while incarcerated is common rather than extraordinary") Consequently, whether considered alone or in combination, the Court finds Lowery's arguments do not demonstrate an extraordinary and compelling reason that will support a reduction of sentence.

## II.   Section 3553(a) Factors

Having determined Lowery fails to show an extraordinary and compelling reason to modify his sentence, the Court is not required to consider if the 18 U.S.C. § 3553(a) factors weigh in favor of a reduction. However, the Court finds that even if an extraordinary and compelling reason existed, a consideration of the § 3553(a) factors would not support granting Lowery a reduction. Under § 3553(a) the aim is

---

[1] The medical records indicate Lowery has been moved from Victorville USP to Beaumont USP to Allenwood USP, D.E. 78 at 1, 9, 27, and the Government indicates Lowery has been in four different BOP facilities in the last three years. D.E. 77 at 13.

for a sentence that is "sufficient, but not greater than necessary" to satisfy the goals of sentencing. In making this determination the Court considers:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;
(2) The need for the sentence imposed:
   (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) To afford adequate deterrence to criminal conduct;
   (C) To protect the public from further crimes of the defendant;
   (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) The kinds of sentences available;
(4) The kinds of sentence[s] and the sentencing range established for [the applicable offense category as set forth in the guidelines] . . . ;
(5) Any pertinent policy statement . . . by the Sentencing Commission . . . ;
(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) The need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A court should also consider post-sentencing facts in the record such as behavior while incarcerated and efforts towards rehabilitation. *United States v. Martin*, 916 F. 3d 389, 397 (4th Cir. 2019).

The Court recognizes the positive steps Lowery has taken by separating himself from gang affiliation and by participating in BOP courses. The Court also recognizes that Lowery is now 47 years old, an age at which the risk of recidivism declines. *See United States v. Howard*, 773 F. 3d 519, 533 (4th Cir. 2014) (acknowledging evidence of a significant drop in recidivism for offenders over 45 years of age). Nonetheless, consideration of the § 3553(a) factors overall weighs against a reduction of sentence.

Lowery's decision to drop out of the gang, while encouraging, does not relieve him of responsibility for his offense or from serving his lawful sentence. Moreover, the impact of his good efforts is diminished by his less desirable behavior while incarcerated. As discussed, he has incurred six disciplinary infractions while in BOP custody, with half occurring in the last 12 months. Lowery's record includes multiple citations for possessing dangerous weapons and an infraction for drug use. D.E. 77–2 at 1–2. These infractions demonstrate that despite some positive changes, Lowery

5

continues to have difficulty conforming his behavior to what is required.

The nature of the offense also weighs against a reduction. On the morning of the bank robbery, Lowery carjacked a victim at gunpoint, threatening to kill her if she screamed or did not get out of the car.[2] D.E. 30, ¶ 3. He drove from Red Springs, NC, to Southern Pines, NC, and several hours later robbed a bank by presenting a note to a teller saying he was armed with a gun and demanding money. *Id.*, ¶ 4. While the victims were not physically harmed, Lowery's actions were nonetheless serious and created a significant threat to the public.

Lowery's criminal history further weighs against a reduction. Lowery has been convicted in over 25 prior cases, more than half of which were felonies. D.E. 30, ¶¶ 31–58. His criminal history suggests that prior periods of probation and incarceration have done little to limit additional criminal behavior. For sentencing he was determined to have a criminal history score of 19, which resulted in a criminal history category of VI. *Id.*, ¶ 59. Currently, he has served less than four years of his 146-month sentence, D.E. 77-1 at 3, a sentence below the maximum guideline range. D.E. 30 at 29.

Accordingly, the Court finds the § 3553(a) factors do not support a reduction of sentence. Lowery's current sentence is "sufficient, but not greater than necessary" to satisfy the sentencing objectives. Any lesser sentence would not promote respect for the law, protect the public, deter crime, or provide adequate time for rehabilitation. *See* 18 U.S.C. § 3553(a)(2).

## CONCLUSION

For the reasons stated above, the Court finds that Lowery has failed to show an extraordinary and compelling reason for a reduction of sentence and the § 3553(a) factors weigh against a reduction of sentence.

It is therefore ordered that Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), D.E. 74, is denied.

This the 3rd day of March, 2026.

                                             */s/ David A. Bragdon*
                                             United States District Judge

---

[2] When police searched Lowery's home, the only gun recovered was a black BB gun. D.E. 30, ¶ 8.